IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                     Case Nos.:  5:04cr15/MCR/EMT
                                                   5:16cv136/MCR/EMT

WILLIAM ERIC JACKSON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 62). The Government filed a response (ECF No. 66), and Defendant filed two traverses (ECF No. 67, 70). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

On May 26, 2004, Defendant William Eric Jackson pleaded guilty to knowingly and intentionally distributing cocaine base on or about February 2, 2004, in violation of 21 U.S.C. §§ 841(a)(1)( and (b)(1)(C) (ECF Nos. 1, 14).

The Presentence Investigation Report ("PSR") reflects that Defendant's total offense level would have been 15 (after a three-level downward adjustment for acceptance of responsibility), but for the Chapter Four Enhancement (ECF No. 71). Defendant was a Career Offender pursuant to U.S.S.G. § 4B1.1 because, at the time of the offense conduct, Defendant had at least two (in this case four) prior felony convictions for either a crime of violence or a controlled substance offense (ECF No. 71, PSR ¶ 19).    His total offense level was 31 (PSR ¶ 21).    Defendant had a total of 17 criminal history points, and therefore his criminal history category was VI, irrespective of his career offender status (PSR ¶¶ 40–42).    Defendant's guideline imprisonment range was 188 to 235 months (PSR ¶ 73).    The court sentenced him at the bottom of this range to a term of 188 months' imprisonment (ECF Nos. 23, 25).    The Eleventh Circuit affirmed Defendant's sentence on July 13, 2005 (ECF No. 45).

Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT

On March 5, 2008, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the guidelines (ECF No. 46). The court denied the motion because Defendant was sentenced as a career offender, so Amendment 706 did not affect Defendant's guideline range (ECF No. 53).

On November 17, 2014, the court construed a letter from Defendant as a motion pursuant to 18 U.S.C. § 3582 seeking relief pursuant to Amendment 782 of the sentencing guidelines (ECF No. 58). The court subsequently denied the motion, again because the amendment had no affect on Defendant's career offender guideline range (ECF No. 60).

Defendant filed the instant motion on May 11, 2016, pursuant to the prison mailbox rule (ECF No. 62). He raises three claims for relief. He asserts that his sentence violates the due process and ex post facto clauses of the Constitution, that his sentence was premised on false information, and that counsel was constitutionally ineffective for failing to prevent the errors in sentencing. The Government contends Defendant's motion is untimely and should be dismissed.

Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT

ANALYSIS

Timeliness

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of

motions under this section.    The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the petitioner was prevented from making
> a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review;
> or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.    Defendant did not file a petition for certiorari with the United

States Supreme Court, and as such his judgment of conviction became final on the

date on which his time for filing such a petition expired (i.e., ninety days after the

entry of the court of appeals' judgment), on October 11, 2005.[1]    *Clay v. United*

*States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338

---

[1]    The issuance of the mandate, on April 21, 2011 (*see* doc. 137), has no bearing on when
the time expires for filing a petition for certiorari.    *Clay v. United States*, 537 U.S. 522, 525
(2008).

Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT

(11th Cir. 2002); *Hill v. United States*, 444 F. App'x 419 (11th Cir. 2011). Therefore, to have been timely filed under § 2255(f)(1), Defendant's motion had to be filed no later than October 11, 2006.   As noted above, his motion was not filed until nearly ten years later.   Therefore, it is facially untimely.

Defendant claims that his motion is timely because it is based in part on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the court later held to be retroactive on collateral review.   *Welch v. United States*, 136 S. Ct. 1257 (2016).   In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Defendant was not sentenced under the ACCA.   Thus, *Johnson* has no bearing upon his case and does not excuse his untimely filing.   To the extent Defendant contends that the holding in *Johnson* should be extended to the sentencing guidelines, his claim is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), wherein the Supreme Court declined to extend the reasoning in *Johnson* to the sentencing guidelines.

Therefore, unless Defendant establishes his entitlement to equitable tolling, his motion is time barred.   *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir.

Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT

2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).

Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)). Defendant asserts that ineffective assistance of counsel should allow him to

overcome any procedural default (ECF No. 62 at 10).   This bald, unsupported assertion does not entitle him to rely on the doctrine of equitable tolling. Defendant has not shown that he has been pursuing his rights diligently or that any extraordinary circumstance stood in his way.

Conclusion

For the foregoing reasons, the court finds that Defendant's motion to vacate set aside or correct sentence pursuant to 28 U.S.C. § 2255 is untimely and should be denied and dismissed.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 62) be **DENIED** and **DISMISSED** as untimely.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13$^{\underline{th}}$ day of March 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 5:04cr15/MCR/EMT; 5:16cv136/MCR/EMT